People v Clavijo (2022 NY Slip Op 06385)

People v Clavijo

2022 NY Slip Op 06385

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

817 KA 20-00825

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOEL CLAVIJO, DEFENDANT-APPELLANT. 

DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (HELEN SYME OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered September 12, 2019. The judgment convicted defendant upon a nonjury verdict of kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of kidnapping in the second degree (Penal Law
§ 135.20). As defendant correctly concedes, by failing to renew his motion to dismiss the indictment at the close of proof, defendant failed to preserve for our review his contention that the evidence is not legally sufficient to support the conviction (see People v Simmons, 133 AD3d 1275, 1277 [4th Dept 2015], lv denied 27 NY3d 1006 [2016]).
Contrary to defendant's further contention, we conclude that, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Vail, 174 AD3d 1365, 1366-1367 [4th Dept 2019]). Among other things, the proof at trial demonstrated that defendant, while armed with a handgun, led his 17-year-old victim to defendant's recording studio in order to question the victim about another handgun, also belonging to defendant, that had gone missing. In the recording studio, defendant promptly bound the victim's hands behind the victim's back with zip ties, threatened him, questioned him about the missing weapon, and suggested that he would kill the victim if he did not cooperate. Although the victim informed defendant that another man had moved the handgun from its usual location, defendant did not cut the zip ties and allow the victim to leave until several hours had elapsed, and only after law enforcement officers, who had been contacted by the victim's concerned girlfriend, questioned defendant, who lied to officers as to the victim's whereabouts. Contrary to defendant's further contention, the discrepancies in the testimony of the People's witnesses merely presented credibility issues that County Court, as trier of fact, reasonably and justifiably resolved in the People's favor (see generally People v Graves, 163 AD3d 16, 23 [4th Dept 2018], lv denied 35 NY3d 970 [2020]), and nothing about that testimony rendered it incredible as a matter of law (see generally People v O'Neill, 169 AD3d 1515, 1515-1516 [4th Dept 2019]).
Contrary to defendant's final contention, the sentence is not unduly harsh or severe.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court